FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 17 2019

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BROOKE BARBER                                                                PLAINTIFF

vs.                                         No. 3:19-cv-367-DPM

A TIME FOR PEACE, PLLC,                                                  DEFENDANTS
and APRIL TIMMS

This case assigned to District Judge __Marshall__
and to Magistrate Judge __Ray__

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Brooke Barber ("Plaintiff"), by and through her attorneys Stacy Gibson and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against A Time For Peace, PLLC, and April Timms (collectively "Defendants"), she does hereby state and allege as follows:

### I.
### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff a proper overtime compensation for all hours that Plaintiff worked over forty (40) in a week.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendants conduct business within the State of Arkansas, operating and managing a mental health counseling center in Craighead County.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

6. Plaintiff was employed by Defendants at their office located in the Northern Division of the Eastern District of Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Northern Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.
## THE PARTIES

8. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9. Plaintiff was employed by Defendants as a salaried employee from October of 2014 until December of 2019.

10. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

11. Defendant A Time For Peace ("ATFP") is a domestic professional limited liability company.

12. ATFP's registered agent for service is April Dawn Timms, at 900 Grimes Street, Lake City, Arkansas 72437.

13. Defendant April Timms ("Timms") is an individual and domiciliary of the State of Arkansas.

14. Timms is the owner, principal, officer and/or director of ATFP.

15. Timms manages and controls the day-to-day operations of ATFP, including but not limited to the decision to misclassify Plaintiff as salary and fail to pay her a sufficient premium for hours worked in excess of forty (40) per week.

16. Defendants employ at least two (2) individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

17. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

18. Defendants employed four or more individuals in each week in each of the three years preceding the filing of the Original Complaint.

### III.
### FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

20. At all relevant times herein, Defendants were an "employer" of Plaintiff within the meaning of the FLSA.

21. At all times material herein, Plaintiff has been misclassified by Defendants as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

22. During the period relevant to this lawsuit, Plaintiff worked as an Office Manager at Defendants' counseling center in Little Rock.

23. At all relevant times herein, Defendants directly hired Plaintiff to work in their office, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

24. As the Office Manager, Plaintiff was responsible for scheduling patients; processing insurance payments; and facilitating Defendants' therapists credentialing with insurance panels.

25. In carrying out her duties, Plaintiff followed instructions from the owner of the company and did not exercise independent judgment.

26. Plaintiff did not manage any other employees.

27. Plaintiff did not hire or fire any other employee.

28. Plaintiff was not asked to provide input as to which employees should be hired or fired.

29. Plaintiff regularly worked over forty (40) hours per week.

30. Plaintiff's wages remained the same regardless of how many hours she worked.

31. At all relevant times herein, Defendants have deprived Plaintiff of overtime compensation for all of the hours worked over forty (40) per week.

32. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.
## FIRST CAUSE OF ACTION
### (Claim for Violation of the FLSA)

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. At all times relevant times to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

53. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## V.
## SECOND CAUSE OF ACTION
### (Claim for Violation of AMWA)

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

57. At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58. Ark. Code Ann. §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59. At all times relevant to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

60. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

61. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

62. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brooke Barber respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendants' practices alleged herein violate the FLSA;

C. A declaratory judgment that Defendants' practices alleged herein violate the AMWA;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E.  Judgment for damages for all unpaid overtime wage compensation owed under the AMWA;

F.  Judgment for liquidated damages pursuant to the FLSA;

G.  Judgment for liquidated damages pursuant to the AMWA;

H.  For a reasonable attorney's fee, costs and interest; and

I.  Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF BROOKE BARBER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Stacy Gibson*
Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com