IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BROOKE BARBER                                                                  PLAINTIFF

v.                          No. 3:19-cv-367-DPM

TIME FOR PEACE, PLLC
and APRIL TIMMS                                                              DEFENDANTS

ORDER

1.      The Court recently converted Time for Peace's and Timm's motion to dismiss into one for summary judgment. *Doc. 68.* Both sides had the opportunity to file more documents, and make more arguments, on the judicial estoppel issue. Barber has supplemented the record. *Doc. 69.*

2.      Time for Peace and Timms say that Barber is estopped from pursuing her wage-related claims now. Barber responds that judicial estoppel doesn't apply, urging the Court to resolve her wage-related claims on the merits. This case has a tangled procedural history. And the estoppel issue comes down to what happened when, what Barber knew, what she did, and what she didn't do. The Court therefore recites the undisputed material facts in a timeline.

- **17 December 2019**  Barber sued Time for Peace and Timms (*Barber I*) for unpaid wages

- **31 December 2019**  Barber and her husband filed a joint Chapter 7 bankruptcy petition

- **22 May 2020**  Bankruptcy Court discharged Barber and her husband

- **23 June 2020**  Bankruptcy Court closed Barber's Chapter 7 case

- **29 April 2021**  Barber sued Time for Peace and Timms (*Barber II*) again on wage-related claims

- **15 June 2021**  Time for Peace and Timms moved for leave to file a motion to dismiss in *Barber I* and Motion to Dismiss in *Barber II* based on judicial estoppel and Barber's bankruptcy

- **18 June 2021**  Barber moved to reopen her bankruptcy case

- **24 June 2021**  Bankruptcy Court reopened Barber's case

- **30 June 2021**  Barber moved to amend her schedule of assets in the bankruptcy case to include her pending wage cases

- **22 July 2021**  Bankruptcy Court granted Barber's motion to amend

- **27 July 2021**  Barber amended her schedule of assets, now including the wage-related cases

- **11 August 2021**  Bankruptcy Court granted trustee's motion to employ Sanford Law Firm to pursue the wage claims on behalf of Barber's bankruptcy estate

- **25 August 2021**  *Barber I* and *Barber II* consolidated

3. Judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a position taken by that party in a previous proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). A party may be judicially estopped from pursuing a claim that wasn't disclosed in its previous bankruptcy filings. *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). Three factors inform the Court's decision about whether judicial estoppel applies: (1) whether the party's later position is clearly inconsistent with its prior position; (2) whether the party successfully persuaded the first court to accept the party's prior position; and (3) whether the party seeking to assert an inconsistent position would gain an unfair advantage if not estopped. *Stallings*, 447 F.3d at 1047; *New Hampshire*,

532 U.S. at 750–51. Here, all three factors weigh in favor of estopping Barber from pursuing her wage-related claims in this case.

First, Barber took inconsistent positions in her bankruptcy case and in this case. Barber filed her first wage-related lawsuit two weeks before she filed bankruptcy. In her petition, she listed her assets, indicating that she did not have any interest in any claim or lawsuit. Barber made no effort to amend her petition to disclose her ongoing wage case to the Bankruptcy Court during the five months her bankruptcy case was pending. Barber represented to the Bankruptcy Court that she had no wage-related claims. *Stallings*, 447 F.3d at 1049.

Second, the Bankruptcy Court relied on Barber's schedule of assets when it discharged her debts – including more than $120,000 owed to unsecured creditors. Although the Bankruptcy Court later allowed Barber to reopen her case and amend her schedule of assets nearly a year after she was discharged, the Court's discharge is sufficient acceptance of Barber's position for purposes of judicial estoppel. *Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1033 (8th Cir. 2016).

Third, Barber could have derived an unfair advantage in the bankruptcy case. She filed her first wage-related case two weeks before filing her bankruptcy case. Question 33 on the schedule of assets asked whether Barber owned, or had any legal or equitable interest in "claims against third parties, whether or not you have filed a lawsuit or made

a demand for payment" and listed "accidents, employment disputes, insurance claims, or rights to sue" as examples. *Doc. 57–1 at 15*. Barber answered "no" to this question. *Doc. 1 at 13* in *In re:* Nickolas L. Barber & Brooke Barber, 3:19-cv-1612 (Bankr. E.D. Ark). During the five months her bankruptcy case was pending before she received a discharge, Barber took no action to notify the Bankruptcy Court about her on-going wage case. When Barber filed her second wage-related case against Time for Peace and Timms in April 2021, she again stood silent. She did not seek then to reopen her bankruptcy case and amend her schedule of assets to include these claims. She took corrective action only after Time for Peace and Timms moved to dismiss Barber's wage cases based on judicial estoppel.

    Barber offers two responses: inadvertence and cure. The timeline and the official form undermine her first response. Barber filed this lawsuit fourteen days before she told the Bankruptcy Court that she had no existing claims — such as employment disputes. Form 106A/B's question is clear. The point of bankruptcy is a fresh start, but only after full disclosure of one's assets and liabilities. Barber's second response is likewise unpersuasive. Barber is correct that she cured her omission. But it is undisputed that she did so only after the defendants sought relief based on how she handled her bankruptcy. What another court has aptly called "last minute candor" is better than no candor at all, but it does not erase Barber's omission. *Jones*, 811 F.3d at 1032. She received

her discharge, which would have allowed her to recover in this case at her creditor's expense. The Bankruptcy Court relied on her disclosures in granting relief. Most importantly, Barber had more than two years to correct her error. She did not act until her non-disclosure was revealed in this case. The equities therefore estop her from proceeding further with her wage claims now.

*　*　*

Motion for summary judgment, *Doc. 57*, granted. Barber's complaint will be dismissed with prejudice. Motion for summary judgment, *Doc. 59*, and motion to dismiss, *Doc. 61*, denied as moot.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

27 May 2022